❑ Original       ❑ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Three phones currently located at the the Sheboygan Police<br>Department evidence locker located at 1315 N. 23rd Street,<br>Sheboygan, Wisconsin 53081, further described on<br>Attachment A. | )<br>)<br>)<br>)  Case No. 25-828M(NJ)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:       Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 3/4/2025 _____ *(not to exceed 14 days)*
❑ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____ .
*(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for _____ days *(not to exceed 30)*   ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued: 2/18/2025 @ 10:04 a.m. _____

City and state:   Milwaukee, WI _____

*Judge's signature*

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

The property to be searched are as follows:

    a.  blue Samsung smartphone, Serial #S156V(GP), IMEI #: 350318408468751/06

    b.  black TCL Tracphone, IMEI #: 016324005292806/04

    c.  silver BLU Tracphone, Serial # 710016023094981, IMEI #: 356074296029304/09

The Devices are currently located at the Sheboygan Police Department evidence locker located at 1315 N. 23rd Street, Sheboygan, Wisconsin 53081.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to violations of 18 USC 2252 and 2252A, including:

   a.   Records containing child pornography or pertaining to the production, distribution, receipt, or possession of child pornography;

   b.   Records or information, photographs, videos, notes, documents, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors.

2.      All names, aliases, and numbers stored in the Devices, including numbers associated with the Devices, relating to the identities of those engaged in the production, possession, receipt, or distribution of child pornography.

3.      Images or visual depictions of child pornography.

4.      Records and information containing child erotica, including texts, images, and visual depictions of child erotica.

5.      Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the violations.

6.      Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the computer or by other means for the purpose of committing the violations.

7.      The list of all telephone calls made or received located in the memory of the Devices that provides information regarding the identities of and the methods and means of operation and communication by those engaged in the possession, receipt, or distribution of child pornography.

8.      Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make accessible child pornography.

9.      Any and all information, records, documents, invoices, and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to the violations.

10.     Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of )
)
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 25-828M(NJ)
)
Three phones currently located at the the Sheboygan Police )
Department evidence locker located at 1315 N. 23rd Street, )
Sheboygan, Wisconsin 53081, further described on Attachment A.

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B)<br>18 U.S.C. §§ 2252A(a)(2)(A)<br>and (b)(1) | Possession of and access with intent to view child pornography and receipt of child pornography |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Tyler L'Allier*
*Applicant's signature*

Tyler J. L'Allier, Task Force Officer - HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date:
2/18/2025
*Judge's signature*

City and state:  Milwaukee, WI
Honorable Nancy Joseph - Magistrate Court Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Tyler J. L'Allier, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic device—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.     I am a Task Force Officer (TFO) with the Department of Homeland Security, Homeland Security Investigations (HSI), an investigative branch of the United States Department of Homeland Security.  I am a federal law enforcement officer authorized by the Secretary of Homeland Security to request the issuance of criminal complaints and search warrants.  As a TFO, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.  I have been employed as a TFO with HSI since August 2024.  I am currently assigned to the Resident Agent in Charge Office in Milwaukee, Wisconsin.

3.     My experience as a HSI TFO have included the investigation of cases involving the use of computers and the Internet to commit violations of federal law involving child exploitation, including the production, transportation, receipt,

distribution, and possession of child pornography. I am also a Detective with the Washington County Sheriff's Office assigned to the Major Crimes Unit and have been employed in this capacity since July 29, 2021; prior to that I was an Investigator assigned to the Major Crimes and before that I was an Investigator assigned to the Multijurisdictional Drug Enforcement Group. I have eighteen years of Law Enforcement experience. I have experience working complex criminal investigations including, violent crimes, narcotics, financial crimes, sexual assaults, and child abuse/child sexual assaults. I have attended many different trainings on the investigations of many law enforcement criminal investigative topics, including the United States Department of Justice 2023 National Law Enforcement Training on Child Exploitation, ICAC Investigative Techniques, Department of Justice - Division of Criminal Investigations 'Drug Investigator School', controlled substance trafficking, death investigations, identity theft/ financial crimes, interview and interrogation techniques, internet crimes, and child exploitation investigations. I have worked many sexual assault and sexual assault of children cases as well as child maltreatment related cases. I have worked jointly with state, and local investigators in cases of sexual assault, possession and/or distribution of child pornography. I have received training and have gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications and the execution of searches and seizures involving computer crimes. I have investigated and assisted in the investigation of criminal

matters involving the sexual exploitation of children which constituted violations of Title 18, United States Code, Sections 2251, 2252 and 2252A.

4. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence, contraband, fruits, and instrumentalities of violations of Title 18, United States Code, Sections 2252 and 2252A, incorporated herein by reference as if fully set forth, are located on the Devices for which authority is requested to search. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5. The property to be searched are as follows ("Devices"):

 a. blue Samsung smartphone (Serial #: S156V(GP), IMEI #: 350318408468751/06

 b. black TCL Tracphone, IMEI #: 016324005292806/04

 c. silver BLU Tracphone, Serial #: 710016023094981, #:356074296029304/09

6. The Devices are currently located at the Sheboygan Police Department located at 1315 N. 23rd Street, Sheboygan, Wisconsin 53081. In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the Sheboygan Police Department.

7. The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

8. The purpose of this application is to seize evidence of violations of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography) and 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (receipt of child pornography).

## BACKGROUND ON NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN

9. Based on my training and experience, and publicly available information, I know that the National Center for Missing and Exploited Children (NCMEC) is a nonprofit organization in Alexandria, Virginia, that works with law enforcement on issues related to missing and sexually exploited children. One of the services provided and administered by NCMEC is its CyberTipline, which serves as the national clearinghouse for leads regarding sexual exploitation crimes against children.

10. In addition to reports from the general public, reports are made by U.S. electronic communication service (ECS) providers and remote computing services (RCS), which are required by 18 U.S.C. § 2258A to report "apparent child pornography" to NCMEC via the CyberTipline if they become aware of the content on their servers. Specially trained analysts, who examine and evaluate the reported content, review leads, add related information that may be useful to law enforcement, use publicly available search tools to determine the geographic location of the apparent criminal act,

4

and ultimately provide all of the gathered information to the appropriate law enforcement agency for review and possible investigation.

11.     The CyberTipline receives reports, known as CyberTips, about the possession, production, and distribution of child pornography; online enticement of children for sexual acts; child prostitution; sex tourism involving children; child sexual molestation; unsolicited obscene material sent to a child; misleading domain names; and misleading words or digital images on the Internet.

12.     The CyberTip reports will vary in detail depending on the nature of the report, and which entity submits it.  The reports can include information (1) relating to the identity of any individual who appears to have violated federal law by committing or attempting to commit the criminal conduct described above; (2) historical information on when or how a customer or subscriber of an ECS or RCS uploaded, transmitted, or received apparent child pornography; (3) geographical information on the involved individual or website, which may include the IP Address or verified billing address or geographic identifying information, including area code or zip code; (4) any images of apparent child pornography; and (5) the complete communication containing any image of apparent child pornography.

## BACKGROUND INFORMATION REGARDING GOOGLE

13.     Google is an Internet company which, among other things, provides electronic communication services to subscribers, including email services, maps, document sharing services, texting and phone calls, as well as photo storage.  Google

5

allows subscribers to obtain email accounts at the domain name gmail.com. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. A subscriber using the Provider's services can access his or her email account from any computer/device connected to the Internet;

14. The computers of Google are likely to contain stored electronic communications (including retrieved and un-retrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Also, based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, I know that this information often provide clues to their identity, location or illicit activities;

15. Google records are maintained in and upon certain premises of Google LLC, Google Legal Investigations Team, 1600 Amphitheatre Parkway, Mountain View, CA 94043.

16. Cellular phones are often associated with Google Gmail internet accounts, and that these accounts may reveal identifying information about the user, including telephone numbers. Google has developed operating systems for various types of mobile devices. Your affiant is aware that a vast number of cellular phones using an

6

operating system has an associated Google. That your affiant knows that Google has developed such proprietary operating system for mobile Android devices and that nearly every cellular phone using the Android operating system has an associated Google account, and users are prompted to add a Google account when they first turn on a new Android device. That your affiant knows that Google can also collect location data from non-Android devices such as Apple iPhone, Blackberry, etc. if the device is registered to a Google account and the user has location services enabled. The company uses this information for location-based advertising and location-based search results, and stores such data in perpetuity unless it is manually deleted by the user. This location information is derived from GPS data, cell site/cell tower information, Bluetooth connections, and Wi-Fi access points;

**PROBABLE CAUSE**

**Information Obtained from Sheboygan Police Department Detective Kehoe**

17. On January 29th, 2025, the Sheboygan Police Department (SPD) in Sheboygan, Wisconsin received an escalated Cybertip from the National Center for Missing and Exploited (NCMEC) regarding a Google account containing 800+ images of suspected Child Sexual Assault Materials (CSAM), also known as "child pornography," believed to be owned by Donald P. Savinski 01/17/1961. The Cybertip was escalated due to Savinski being a lifetime registered child sex offender from a 1983 conviction for having penis to vagina intercourse with his 4-year-old and 1-year-old daughters.

7

18. The Google account mentioned in the Cybertip is donaldsavinski2021@gmail.com. The phone number affiliated with the Cybertip is 920-889-4415. The phone number included with the Cybertip is linked to Donald Savinski after an open-source search was conducted. Savinski listed that same phone number in past law enforcement contacts. From reviewing law enforcement records, Savinski is a known transient resident of the City of Sheboygan, Wisconsin.

19. On January 30th, 2025, Detective Kehoe was assigned and immediately followed up on the escalated Cybertip from NCMEC. Detective Kehoe conducted a partial review (40 images/videos) of the Cybertip, given that it contained 857 files. According to NCMEC, 399 of the 857 files were reviewed by the electronic service provider (Google), with 337 of those images/videos confirmed as being child sexual assault materials. Detective Kehoe viewed approximately 40 images/videos out of the 399 images/videos that were included with the NCMEC Cybertip. These images/videos were all of a sexual nature, and depicted naked female children considered to be in the prepubescence age range. All of the media content that was reviewed met the definition of sexually explicit conduct as cited in Wisconsin State Statute 948.01(1t) and 948.12, possession of child pornography. This content also violated 18 U.S.C. § 2252 (receipt and possession of child pornography)

20. Detective Kehoe choose three CSAM photographs from the Cybertip to sanitize for the contact and interview with Savinski. On January 30, 2025, Detective Kehoe conducted a consensual encounter and contacted Savinski, who was sitting on

8

the park bench located on the public sidewalk, on Center Avenue, just west of N 8th Street. Detective Kehoe recognized Donald Savinski's booking photograph in the local law enforcement records database of the Sheboygan Police Department, as a local citizen who sits on the park bench in downtown Sheboygan, at the intersection of Center Avenue and N 8th Street almost every day. Detective Kehoe had previously observed Savinski sitting on the park bench 30 – 40 times in the past year

21.     Detective Kehoe identified himself as law enforcement and first discussed homelessness issues with Savinski before transitioning the consensual encounter to the NCMEC Cybertip. During that conversation, Savinski provided his phone number (920-889-4415) and his email address (donaldsavinski2021@gmail.com).  This phone number and email address were both cited in the NCMEC Cybertip.

22.     During the non-custodial interview, Deputy Kehoe explained to Savinski that there was a "suspicious internet investigation" involving Savinski's Google account and telephone number. Savinski was asked if he knew what the investigation was about and Savinksi replied, "yes" while looking at the ground. Savinski admitted that he has been using the public WiFi from nearby businesses to download child pornography onto his cell phone.  Deputy Kehoe asked Savinski if it was possible that he might have over 800 images or videos of child pornography on his cell phone.   Savinski acknowledged that was possible.  Savinski acknowledged that he has had an affinity for the sexualization of children for quite some time.  Savinski consented to a forensic data extraction of his three cell phones. Savinski stated that the passcode for all three cell

9

phones was 0148. Savinski stated that he has really never gotten adequate help or resources to help with the demons that he struggles with. Savinski discussed his time in the Wisconsin Prison System and that he never really received the help that he needed with his interest in the sexualization of children

23.     Detective Kehoe showed Savinski the three sanitized images from the NCMEC Cybertip. Savinski admitted that he has downloaded all three of these images and the images are currently on his cell phone. Savinski was able to estimate the ages of the children depicted in the sanitized images as being 12-years-old or younger.

24.     Savinski was placed under arrest, and Savinski was transported to the Sheboygan Police Department. Savinski's three cell phones were seized. The phones are a Samsung Tracphone (Tag# 75292), BLU Tracphone (Tag# 75293), and TCL (Tag# 75294) and were secured into evidence at the Sheboygan Police Department, 1315 N 23rd Street, Sheboygan, WI, where the three cell phones are currently stored in an evidence locker.

25.     Detective Kehoe read Savinski his Miranda rights at the Sheboygan Police Department; Savinksi waived his rights and was interviewed for 1 hour and 44 minutes. During the interview Savinski admitted that all three of his cell phones contain child pornography which he downloaded on the website "Chatango." Savinski stated that he has been interested and viewing child pornography since September 18th, 2013, which is one year after he was released from the Wisconsin Prison System. Savinski explained that the State of Wisconsin deemed him to be classified as a "Sexually Violent Person."

10

26.     Savinski disclosed to Detective Kehoe that it is easy to access child pornography online because of his experience looking for it the last 12 years. Savinski stated that he used to use a VPN (virtual private network) when online until he became homeless about one year ago. Savinski showed Detective Kehoe a collection of child pornography that was on his newest cell phone, a Samsung Cell Phone (Serial #S156V(GP), which he acquired a few days earlier.

27.     Detective Kehoe had the digital media manager for the Sheboygan Police Department, Cole Squire conduct a forensic data extraction of Savinski's Samsung cell phone using Cellebrite UFED, which extracts data from devices such as smartphones and tablets. Detective Kehoe previewed the forensic data extraction of Savinski's cell phone. He observed 265 images that would fit the statutory definition of child sexual assault materials, as outlined in Wisconsin State Statute 948.12 and sexually explicit conduct, as outlined in Wisconsin State Statute 948.01(1t). This would also fit violations of 18 U.S.C. § 2252 (receipt and possession of child pornography).

28.     Detective Kehoe documented a summary of 4 files out of the 265 files.

    a.  #1 File 1000000386.jpg. This photo depicts a fully naked female child, approximate prepubescent age ( 7 – 11 years old). The child has her legs spread, exposing her vagina which appears to be the focal point of the photo. This image was downloaded on January 28th, 2025, at 4:11:56pm.

11

b. #2 File 1000000389.jpg. This photo depicts a fully naked female child, approximate prepubescent age (8 – 12 years old). The child has her legs spread and is using her fingers to spread the labia of her vagina apart. This image was downloaded on January 28th, 2025, at 4:14:11pm.

c. #3 File 10000000394.jpg. This photo depicts a fully naked female child, approximate prepubescent age (6 to 10 years old). The child is spreading her vagina apart with her fingers. This image was downloaded on January 28th, 2025, at 4:14:11pm.

d. #4 File 10000000396.jpg. This photo depicts a fully naked female child wearing a silver necktie which is tied around her neck. The child is prepubescent age (6 to 10 years old). The child has her legs spread and her vagina is the focal point of the point. This image was downloaded on January 28th, 2025, at 4:14:11pm.

**PRIOR CONVICTION FOR POSSESSION OF CHILD PORNOGRAPHY**

29.     I have reviewed Sheboygan County Case Number 1982CF000164, State of Wisconsin vs. Donald Paul Savinski. The criminal case against Donald Savinski was filed on 08/16/1982. Savinski was charged with 1st Degree Sexual Assault, Wisconsin Statute 940.225(1)d. Savinski was found guilty, and the conviction date is listed as 02/25/1983. Savinski was sentenced to the Wisconsin State Prisons for an indeterminate term of not more than 12 years. Savinski's is listed as a Sex Offender and his registration

12

began on 10/16/1995. Savinski is a lifetime registrant, which means he is required to register as a sex offender for the rest of his life. The victim information listed on the sex offender registry states the victim was female and under the age of 6. The relationship is listed as a family member or relative and the type of contact was sexual touching and anal penetration/insert object. The method of force listed is verbal coercion, threats, hands on force, and physical injury.

## TECHNICAL TERMS

30. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b. Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the

13

camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

e. Internet: The Internet is a global network of computers and other electronic device that communicate with each other. Due to the structure of the Internet, connections between device on the Internet often cross state and international borders, even when the device communicating with each other are in the same state.

f.  Tablet:  A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook that is primarily operated by touching the screen. Tablets function as wireless communication device and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise.  Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions.  Apps can, for example, permit access to the Web, sending and receiving e-mail, and participating in Internet social network.

31.     Based on my training, experience, and research, I know that the black TCL Tracphone, IMEI 016324005292806/04,  blue Samsung smartphone, Serial #S156V(GP), IMEI # 350318408468751/06, and silver BLU Tracphone, Serial # 710016023094981, IMEI # 356074296029304/09 cellular telephone have capabilities that allow them to serve all or some of the following functions:  wireless telephone, a digital camera, GPS navigation device, and accessing /downloading information from the Internet.  In my training and experience, examining data stored on devices of these types can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

32.     Based on my knowledge, training, and experience, I know that an electronic device can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

33.     As explained below, information stored within a cellular phone or tablet may provide crucial evidence of the "who, what, why, when, where, and how" of the

15

criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored within the device can indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, contacts lists, instant messaging logs, and communications (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the device at a relevant time. Further, such stored electronic data can show how and when the device and its related account were accessed or used. Such "timeline" information allows investigators to understand the chronological context of device access, use, and events relating to the crime under investigation. This "timeline" information may tend to either inculpate or exculpate the device account owner. Additionally, information stored within a device may indicate the geographic location of the device and user at a particular time (e.g., location integrated into an image or video sent via email or text message to include both metadata and the physical location displayed in an image or video). Last, stored electronic data may provide relevant insight into the device owner's state of mind as it relates to the offense under investigation. For example, information in the device may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement). Unless this data is destroyed, by breaking the device itself or by a

16

program that deletes or over-writes the data contained within the device, such data will remain stored within the device indefinitely.

34.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.    The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to obtain unauthorized access to a victim electronic device over the Internet the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

35.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

36.     *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

37.　　I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

19

## ATTACHMENT A

The property to be searched are as follows:

    a.  blue Samsung smartphone, Serial #S156V(GP), IMEI #: 350318408468751/06

    b.  black TCL Tracphone, IMEI #: 016324005292806/04

    c.  silver BLU Tracphone, Serial # 710016023094981, IMEI #: 356074296029304/09

The Devices are currently located at the Sheboygan Police Department evidence locker located at 1315 N. 23rd Street, Sheboygan, Wisconsin 53081.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to

violations of 18 USC 2252 and 2252A, including:

  a.  Records containing child pornography or pertaining to the production, distribution, receipt, or possession of child pornography;

  b.  Records or information, photographs, videos, notes, documents, or correspondence, in any format or medium, concerning communications about child pornography or sexual activity with or sexual interest in minors.

2.      All names, aliases, and numbers stored in the Devices, including numbers associated with the Devices, relating to the identities of those engaged in the production, possession, receipt, or distribution of child pornography.

3.      Images or visual depictions of child pornography.

4.      Records and information containing child erotica, including texts, images, and visual depictions of child erotica.

5.      Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the violations.

6.      Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the computer or by other means for the purpose of committing the violations.

7.      The list of all telephone calls made or received located in the memory of the Devices that provides information regarding the identities of and the methods and means of operation and communication by those engaged in the possession, receipt, or distribution of child pornography.

8.      Any and all information, notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide or make accessible child pornography.

21

9.      Any and all information, records, documents, invoices, and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to the violations.

10.     Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.